FILED

99 JUL 28 AM 9:55

U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHIRLEY DISON,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] CV 98-N-2624-E | **ENTERED** |
| **WAL-MART STORES, INC.,** | ] | JUL 29 1999 |
| Defendant(s). | ] | |

**Memorandum Opinion**

The court has for consideration the defendant's motion for summary judgment, filed June 15, 1999. After a careful review of the record and the parties' arguments, the court has determined that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court therefore concludes that summary judgment is due to be granted as to all of plaintiff's claims.

The plaintiff's sole argument is that Wal-Mart was negligent in permitting a bottle with a loose top to be displayed on the shelves of its stores, and that a loose bottle top caused the spill which led to her injury. Plaintiff's argument might be persuasive, if she could prove that Wal-Mart's negligence was indeed responsible for the loose top involved. However, plaintiff's only evidence on this point is simply that the top was loose. Plaintiff asks a fact-finder to infer from this that a Wal-Mart employee must have negligently failed to correct the problem. Unfortunately for the plaintiff, there are far too many other possible

E-FILE 43

explanations.[1] Under these circumstances, such an inference is simply too tenuous to stave off summary judgment. While reasonable doubts and inferences must be resolved in favor of the nonmoving party, "an inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982).

Summary judgment will therefore be granted. The court will enter an appropriate order in conformity with this memorandum opinion.

Done, this 27th of July, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[1] For example, Mr. Cochrum, or one of the many other customers with access to Wal-Mart's shelves every day, might have loosened the bottle top. Or the top might have been loose from the time Wal-Mart received it, but in a manner undetectable to the reasonably cautious observer.